IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                                                                   No. CR-05-0298 JC

SAMUEL LUNA-GALLEGOS,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Defendant's "Motion to Reinstate Issue. . . ." (Doc. 20) filed September 28, 2005. Defendant pled guilty to an indictment charging reentry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). On May 12, 2005, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. He now asserts that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Shepard v. United States*, 544 U.S. ---, 125 S. Ct. 1254 (2005), to the extent the Court calculated his sentence based on a prior conviction, the sentence is unconstitutional.

       Defendant's motion must be denied as a jurisdictional matter. After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization, *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996); *and see United States v. Gordon K.*, 257 F.3d 1158, 1161 (10th Cir. 2001), and the motion is not brought under any applicable

statutory provision.

The relief Defendant seeks must be pursued under 28 U.S.C. § 2255, which affords relief where "the sentence was imposed in violation of the Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. In this circumstance, " 'district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' " *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). The Court will deny the motion without prejudice to Defendant's right to pursue relief under 28 U.S.C. § 2255.[1]

IT IS THEREFORE ORDERED that Defendant's "Motion to Reinstate Issue. . . ." (Doc. 20) filed September 28, 2005, is DENIED without prejudice to Defendant's right to pursue relief under 28 U.S.C. § 2255.

                                                         */s/ John Edwards Conway*
                                SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that current precedent precludes the substantive relief that Defendant seeks under *Almendarez-Torres* and *Shepard*. *See United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005).